UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YANETH ROSARIO POUBLANC AYALA MIRALDA | * * * | CIVIL ACTION |
| VERSUS | * * | NO. 11-1170 |
| TIDEWATER, INC. | * | SECTION "L"(2) |

## ORDER & REASONS

Before the Court are two motions: (1) defendants Tidewater, Inc. ("TI") and Tidewater Marine Egypt's ("TME") Motion to Dismiss for Lack of Subject Matter Jurisdiction (R. Doc. 9); and (2) defendant Tidewater Crewing Limited's ("TCL")(all defendants, collectively "Tidewater") Motion to Dismiss for Lack of Subject Matter Jurisdiction (R. Doc. 24). For the following reasons, IT IS ORDERED that these motions are GRANTED IN PART and DENIED IN PART.

### I.     BACKGROUND

This matter arises from personal injuries sustained on a vessel, injuries from which it is alleged eventually resulted in death. On or about June 22, 2012, the M/V ANG TIDE was alongside the production rig, Comet, engaged in deck cargo operations, in Egyptian waters. Tidewater owned and operated the M/V ANG TIDE. Decedent, Edgardo Poublanc Munoz, was employed by Tidewater as Master on the M/V ANG TIDE. On this date, while in the course and scope of his employment on the vessel, Decedent was attacked on the bridge of the vessel by Mohamed Fouda, a crew member who was on watch with Decedent. Decedent sustained injuries to his forehead, cheek bone, lips, and a broken left leg.

-1-

Decedent was subsequently removed from the vessel at Ras Shukheir extension jetty for police questioning and the next day was sent to a military hospital for treatment of his injuries. Thereafter, he was sent to a private hospital, returned to the police station, and was sent to Cairo for three days for further interrogation. After three days in Cairo, the Decedent was examined by Tidewater's doctors. Decedent was then flown back to the United States to be with his relatives in the New Orleans, Louisiana-area. While in New Orleans, Decedent received medical care from Family Physicians Centers, Inc. and was given some pain medication, as well as medical clearance to fly so he could return to Honduras to renew his work visa.

On or about July 17, 2012, while traveling back to Honduras, Decedent died of a pulmonary thrombosis embolism, injury to vital organs, and multiple traumas. Decedent was survived by Plaintiffs: his wife, Yaneth Rosario Poublanc Ayala Miralda; his daughter, Janeth Shanik Poublanc Ayala; his daughter, Annie Bessy Poublanc Ayala; his son, Edgardo Lex Poublanc Ayala; and his daughter, Cathrine Lillieth Poublanc Ayala.

On May 17, 2011, Plaintiffs filed suit in this Court against Tidewater, raising the following causes of action: (1) wrongful death of a seaman under the Jones Act, pursuant to 46 U.S.C. § 30104-5; (2) damages for pain and suffering of a seaman under the Jones Act, pursuant to 46 U.S.C. § 30104-5; (3) unseaworthiness; and (4) liability for conduct of an agent pursuant to Egyptian law, international lex maritime, and Louisiana law. (R. Doc. 1).

## II. PRESENT MOTIONS

TI and TME filed the first Motion to Dismiss for Lack of Subject Matter Jurisdiction under Federal Rule 12(b)(1) (R. Doc. 9, 16). Thereafter, TCL filed its own Motion to Dismiss for Lack of Subject Matter Jurisdiction (R. Doc. 24), adopting by reference the arguments set out

in the previously-filed Motion. Thus, the Court will address and evaluate these motions together. Tidewater raises three arguments in support of its motions alleging this Court lacks subject matter jurisdiction. First, Tidewater argues that under the undisputed facts, all U.S. maritime claims are statutorily barred. Second, Tidewater argues that the Court lacks admiralty jurisdiction over the matter as such jurisdiction does not extend to torts that occur within the territorial waters of other nations. Third, Tidewater argues that no other basis for subject matter jurisdiction exists.

Plaintiffs filed responses in opposition to Tidewater's motions. (R. Docs. 10, 29. 18). While Plaintiffs concede their claims under U.S. maritime law and the Jones Act may be barred, they argue that their claims under foreign law or international lex marine are not. Plaintiffs also argue that Tidewater's motions to dismiss are premature at best since TCL has not yet been served and no discovery has been conducted. Finally, Plaintiffs claim that Tidewater committed independent acts of negligence in the United States when it failed to provide sufficient medical care.

In its Reply brief, Tidewater reiterates its argument that this Court lacks subject matter jurisdiction over the maritime and Jones Act claims because the occurrence took place in a foreign country. Tidewater also argues that the issues in its motions are ripe for review because service upon TCL will not change the issues or analysis, and the Court already has sufficient information before it to issue a ruling. Finally, Tidewater argues that no independent acts of negligence occurred in the United States because, any failure to provide sufficient medical attention occurred in Egypt, and the Decedent sought his own medical care in the United States.

In their Sur-Reply brief, Plaintiffs argue that this Court does have admiralty jurisdiction,

claiming that torts originating in foreign waters may be subject to suit in the United States. Plaintiffs also argue that there exist choice-of-law issues and issues of which defendant was responsible for medical treatment, all of which cannot be resolved until all parties are served and discovery conducted.

## III. LAW & ANALYSIS

### A. Standard of Review

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion. *United States v. City of New Orleans*, 2003 WL 22208578 (E.D. La. Sept. 19, 2003); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). In general, when considering a motion to dismiss, the court must take the well-pleaded factual allegations of the complaint as true. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The plaintiff must plead sufficient facts to state a claim for relief that is "plausible on its face," and the plaintiff's right to relief must be raised "above the speculative level" by the factual allegations. *Id.* Conclusory allegations or legal conclusions serving as factual conclusions will not prevent dismissal. *United States v. Ga. Gulf Corp.*, 386 F.3d 648, 654 (5th Cir. 2004). The Supreme Court has ruled that a district court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a reasonable doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2)

the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

**B.     Ripeness**

Plaintiffs argue that Tidewater's motions are premature because TCL has not yet been served, preventing the conduction of discovery necessary for resolution of the motions. In response, Tidewater argues that the service of TCL and later discovery will not aid the Court in issuing a ruling on the present motions.

Notably, on December 14, 2011, TCL was served. *See* (R. Doc. 22). Thus, the only issue remaining is whether the Court is able to resolve the present motions without the benefit of discovery. However, this ignores the procedural import of a motion to dismiss, which relies on the allegations in the complaint and facts in the record. The Court finds, accordingly, the motions are ripe for review.

**C.     Maritime & Jones Acts Claims**

Title 28, United States Code, Section 1333(1) provides that "[t]he district courts shall have original jurisdiction...of...[a]ny civil case of admiralty or maritime jurisdiction...." However, 46 U.S.C. § 30105 provides that a U.S. federal maritime action, including those brought under the Jones Act, cannot be sustained if the following three circumstances exist:

> (1) the individual suffering the injury or death was not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action;
>
> (2) the incident occurred in the territorial waters or waters overlaying the continental shelf of a country other than the United States, and
>
> (3) the individual suffering the injury or death was employed at the time of the incident by a person engaged in the exploration, development, or production of offshore mineral

or energy resources, including drilling, mapping, surveying, diving, pipelaying, maintaining, repairing, constructing, or transporting supplies, equipment, or personnel, but not including transporting those resources by a vessel constructed or adapted primarily to carry oil in bulk in the cargo spaces. 46 U.S.C. § 30105(b).

This bar though "does not apply if the individual bringing the action establishes that a remedy is not available under the laws of – (1) the country asserting jurisdiction over the area in which the incident occurred; or (2) the country in which the individual suffering the injury or death maintained citizenship or residency at the time of the incident." *Id*. at (c).

Tidewater argues that the bar on maritime claims applies since the Complaint alleges the following: (1) Decedent was a resident and domiciliary of Honduras at the time of the incident, (2) the Decedent was injured while the vessel was in Egyptian waters, and (3) at the time of the incident, Decedent was in the course and scope of his employment, supporting operations of a hydrocarbon producing rig. *See* (R. Doc. 9-1). It then argues that the exception to this bar does not apply because the law of Honduras, the Decedent's country of origin, and the law of Egypt, the site of the incident, provide adequate remedies for Plaintiffs' claims. *See id.*

Plaintiffs concede that their maritime law claims are barred by 46 U.S.C. § 30105. *See* (R. Doc. 10). Considering there is no opposition from Plaintiffs, and finding the law as applied to the allegations in the Complaint demonstrates there exists no subject matter jurisdiction over Plaintiffs' federal maritime and Jones Act claims, *see Oyuela v. Seacor Marine (Nigeria), Inc.*, 290 F.Supp.2d 713, 724 (E.D. La. 2003), the Court dismisses these claims.

### D. Admiralty Claims

Plaintiffs, however, claim there does exist subject matter jurisdiction for them to pursue their non-Jones Act claims, that is, their claims sounding in admiralty under foreign law or international lex maritime. *See* (R. Doc. 10). Tidewater rejects this argument, claiming that the

admiralty jurisdiction of U.S. courts does not extend to torts that occur within the territorial waters of other nations.  *See* (R. Doc. 9-1).

The arguments of the parties reflect a larger split of authority in the jurisprudence.  *See Bowoto v. Chevron Corp.*, 2006 WL 2455761, at *2 n.7 (N.D. Cal. 2006).  Tidewater cites in support the Supreme Court's statement in *Victory Carriers, Inc. v. Law*, 404 U.S. 202, (1971), "that the maritime tort jurisdiction of the federal courts is determined by the locality of the accident and that maritime law governs only those torts occurring on the navigable waters of the United States," as well as the decisions of later courts strictly adhering to this statement.  *See e.g. Dunham v. Hotelera Canco S.A.*, 933 F.Supp. 543, 547 (E.D. Va. 1996); *Sharma v. Shaarup Ship Mgmt. Corp.*, 699 F.Supp. 440, 448 (S.D.N.Y. 1988).  Plaintiffs, on the other hand, look to the Supreme Court's statement in *Panama R. Co. v. Napier Shipping*, Co., 166 U.S. 280, 285 (1987), "that torts originating within the waters of a foreign power may be the subject of a suit in a domestic court," and subsequent jurisprudence which finds the statement in *Victory* constitutes dicta and which holds, based upon the plain language of the statute, that 46 U.S.C. § 30105 does not preclude foreign law claims in U.S. courts.  *See Performaciones Exploracion Y Produccion v. Marimas Mexicanas, S.A. De C.V.*, 356 Fed. App'x 675, 678-79 (5th Cir. 2009); *Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co. Ltd.*, 436 F.3d 349, 355 n.11 (3d Cir. 2006); *Bodden v. Tidewater, Inc.*, 2006 WL 2873479 (E.D. La. Oct. 5, 2006); *Bowoto,* 2006 WL 2455761, at *2 n.7.

The Court, looking to the plain language of the statute and the weight of jurisprudence, agrees with the Plaintiffs that there exists subject matter jurisdiction over their non-Jones Act claims.  However, because Plaintiffs have not argued that their claims cannot be pursued in

courts in either Honduras or Egypt, there is the possibility of dismissal of these claims under forum non conveniens or foreign comity concerns; *see Perforaciones*, 356 Fed. App'x at 679-82; however, these issues are not before the Court in the present motions.

### E. Independent Acts of Negligence

Plaintiffs also argue that because Tidewater committed independent acts of negligence in the United States, particularly in failing to provide sufficient medical care to the Decedent, that dismissal of these domestic claims should not be dismissed and discovery should be conducted thereon. In response, Tidewater argues that even if such negligence occurred, it did so in Egypt where Decedent was injured and received medical care, especially since the Decedent selected his own physicians in New Orleans.

The Court acknowledges that "'[t]he duty to provide proper medical treatment and attendance for seaman falling ill or suffering injury in the service of the ship has been imposed upon the shipowners by all maritime nations.'" *De Zon v. Am. President Lines*, 318 U.S. 660, 667 (1943)(quoting *The Iroquois*, 194 U.S. 240 (1904)); *accord De Centeno v. Gulf Fleet Crews, Inc.*, 798 F.2d 138, 140 (5th Cir. 1986). However, since the Court finds there are questions of fact and law involved with these claims, they survive the present motions and should be subject to discovery by the parties.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) TI and TME's Motion to Dismiss for Lack of Subject Matter Jurisdiction (R. Doc. 9); and (2) TCL's Motion to Dismiss for Lack of Subject Matter Jurisdiction (R. Doc. 24), are GRANTED IN PART and DENIED IN PART.

New Orleans, Louisiana this 23rd day of January, 2012.

                                                             UNITED STATES DISTRICT JUDGE